

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

ENTERED
03/17/2010

| | | |
|---|---|---|
| IN RE: | § | |
| ANITA C RAMIREZ, | § | Case No. 09-70051 |
| Debtor(s). | § | |
| | § | Chapter 7 |
| | § | |
| ANITA RAMIREZ, | § | |
| Plaintiff(s) | § | |
| | § | |
| VS. | § | Adversary No. 09-7004 |
| | § | |
| JOSE ALBERTO RODRIGUEZ, *et al*, | § | |
| Defendant(s). | § | Judge Isgur |

### MEMORANDUM OPINION

The parties dispute whether the Ramirez Family Defendants may obtain a jury trial on all remaining issues. For the reasons set forth below, the Court holds that (i) no jury trial right has been preserved as to causes of action under the Texas Uniform Fraudulent Conveyance Act (TUFTA); and (ii) the right to a jury trial has been preserved as to the common law fraud allegations.

Because the common law fraud allegations are dependent on a violation of TUFTA, the Court will try the TUFTA dispute and then determine whether the common law fraud claims (i) are moot; or (ii) should be (A) remanded to state court; or (B) tried by the United States District Court following a withdrawal of the reference.

### Background

Ms. Ramirez filed her bankruptcy petition on January 16, 2009. On February 5, 2009, an amended petition was filed to include Mr. Ramirez as a joint debtor. This adversary proceeding was timely removed from state court on February 13, 2009.

Prior to the bankruptcy petition, Mr. Ramirez intentionally shot Roberto Rodriguez with

1 / 9

the intent of killing him.  Although Roberto Rodriguez was not killed, he is now a quadriplegic.
Mr. Ramirez confessed and was convicted of the crime.

Plaintiffs filed a civil lawsuit against Mr. and Ms. Ramirez (the "Ramirezes").  A state
court judgment was issued against them, which forms the basis of this adversary proceeding.
Specifically, the state court issued actual damages of $11,500,000.00 against the Ramirezes;
exemplary damages of $6,500,000.00 against Mr. Ramirez; and exemplary damages of
$1,700,000.00 against Ms. Ramirez.

When the state court issued the judgment, it found that the Ramirezes were:

> acting in concert as Defendant Anita Ramirez'[s] conduct satisfied each
> element of Texas Penal Code Annotated § 7.02(a)(2,3), by knowingly and
> intentionally engaging in negligent conduct, intentional deadly conduct,
> attempted murder, aggravated assault with a deadly weapon and with
> wanton disregard toward Plaintiff Roberto Rodriguez, and said conduct
> caused the [Plaintiffs'] injuries . . . .

Final Judgment of 332nd Judicial District Court in Cause No. C-414-06-F, April 3, 2008.

The present adversary proceeding seeks to avoid a number of transfers allegedly made in
fraud of creditors by the Ramirezes.  The lawsuit was originally filed in state court by the
Rodriguez family.  After the Ramirezes filed bankruptcy petitions, the Ramirezes removed the
state court fraudulent conveyance lawsuit to this Court.

The Trustee joined in the removed lawsuit.  This Court has found by summary judgment
that certain of the alleged fraudulent transfers (those made out of La Joya Federal Credit Union)
are avoidable. (Doc. No. 98).  By separate judgment in a separate adversary proceeding, this
Court has also found that the state court judgment is non-dischargeable as to the Debtors. *See
Rodriguez v. Ramirez (In re Ramirez)*, No. 09-07012, 2010 WL 715451 (Bankr. S.D. Tex. Feb.
22, 2010).

Following a complex dispute as to whether the removed lawsuit should be remanded to

state court, this Court determined that this lawsuit would not be remanded.

### Disputes Regarding Jury Demand

No jury demand was made in state court prior to removal.  After removal, the chapter 7 trustee timely demanded a jury trial.  However, the trustee demanded a jury trial only as to non-TUFTA causes of action.

At the time of removal, the live pleading was the Plaintiffs' Fourth Amended Petition. The Fourth Amended Petition set forth two basic causes of action.  First, it seeks to avoid certain transfers as fraudulent under the Texas Uniform Fraudulent Conveyance Act (TUFTA).  Second, it seeks a finding of common law fraud and damages stemming from the common law fraud. The prayer in the Fourth Amended Petition seeks a variety of relief.  Some of the relief (such as avoidance of the alleged fraudulent conveyances) is relief provided by TUFTA.  Other forms of relief (such as punitive damages against the transferees) are available based on the common law fraud causes of action.

On removal, the Trustee intervened.  The Trustee's intervention demanded a jury as follows:

> The Trustee is seeking authority to intervene as the true party-plaintiff in this TUFTA Suit as to the TUFTA claim and co-party plaintiff with Rodriguez in the balance of the fraud actions.  <u>THE TRUSTEE ALSO DEMANDS A JURY TRIAL pursuant to FRCP § 38 as to the remaining issues.</u>

Trustee's Motion to Intervene, ¶  3, emphasis in original.

Because the Trustee's jury demand was ambiguous as to the meaning of "as to the remaining issues," the Court obtained clarification on the record at the hearing on the motion to remand.  The following colloquy occurred starting at 2:37 p.m. on March 16, 2009:

| Judge | You are only demanding a jury trial on the fraud claim—the common law fraud claim—but not on the balance? |
| Trustee | Not on the TUFTA action because the TUFTA action I believe has been decided on by the state court. |

The Ramirez Family Defendants attended and fully participated in the March 16, 2009 hearing.  Accordingly, any ambiguity concerning the extent of the jury demand was clarified not later than March 16, 2009.

At the March 16, 2009 hearing, the Court advised the parties that the Court was considering trying the TUFTA claim.  No jury had been demanded on that issue.  The common law fraud claim alleges liability based on a theory that the recipients of the fraudulent transfers participated in a common law fraudulent scheme when they planned how to make and receive the transfers that violated TUFTA.  Of course, if the transfers did not violate TUFTA, then the common law fraud claim would have no merit.

A jury demand may be made as to a single issue in a case.  FED. R. CIV. P. 38(c).  When a jury demand is made on only a single issue, other parties may rely on the demand only as to that single issue.  *McAndrews v. U.S. Lines Co.,* 167 F.Supp. 41 (S.D.N.Y. 1958).

The Court suggested that the Court would try the TUFTA claim and then deal with the common law fraud claim based on the result of the TUFTA trial.  To the extent that a jury was appropriate, the case could then be remanded to state court or the reference could then be withdrawn.

There are two principal disputes over the jury demand.  The first dispute is whether the Ramirezes have waived their ability to rely on the Trustee's jury demand.  The second dispute is whether the Ramirezes may rely on a jury demand that allegedly was improperly made by the Trustee.

**Waiver**

FED. R. CIV. P. 38 provides, in relevant parts, that (i) a jury demand may be made as to some or all of the issues that are to be tried; and (b) that a jury demand may only be withdrawn if the parties consent. *See Bennett v. Pippi,* 74 F.3d 578, 586-87 (5th Cir. 1996). FED. R. CIV. P. 39 similarly provides that a matter will be removed from the jury docket only if (i) all parties stipulate to a nonjury trial; or (ii) the Court finds that there is no federal right to a jury trial on certain issues. FED. R. CIV. P. 39(a).

The Trustee alleges that the Ramirez Family Defendants waived the right to a jury trial when they opposed the remand of this adversary proceeding to state Court. The Trustee relies on *Reid Bros. Logging Co. v. Ketchikan Pulp Co.,* 699 F.2d 1292 (9th Cir. 1983). *Reid Bros.* holds that a party opposing a jury demand may not then rely on the jury demand for the purpose of enforcing FED. R. CIV. P. 38(d)'s[1] requirement that all parties consent to the withdrawal of a jury demand. *Id.* at 1305. In *Reid Bros.,* the plaintiff had demanded a jury; one of the defendants vigorously opposed the jury demand. *Id.* at 1304. When the original trial judge became ill, the parties reversed positions. *Id.* The plaintiff then withdrew its jury demand and the defendant attempted to block the withdrawal. *Id.* The District Court held that the defendant could not rely on Rule 38(d) to block the withdrawal of the jury demand. *Id.* The Ninth Circuit affirmed[2]. *Id.* at 1305.

However, the Court has carefully examined the recording of the hearing on the motion to remand and has also reviewed the pleadings filed by the Ramirez Family Defendants. Although

---

[1] FED. R. CIV. P. 38(d) provides that "[a] party waives a jury trial unless its demand is properly served and filed. A proper demand may be withdrawn only if the parties consent."

[2] Judge Reinhardt issued a vigorous dissent on this issue. Because this Court has determined that the facts of this case do not show a similar opposition by the Ramirez Family Defendants, the Court expresses no view as to the majority and dissenting views. The Court merely assumes that the majority view of the Ninth Circuit is correct and finds it inapplicable. Apparently, no other Circuit has adopted *Reid*; A leading treatise references *Reid* as the "Ninth Circuit Exception." WRIGHT AND MILLER FEDERAL PRACTICE AND PROCEDURE: CIVIL 3D § 2321.

it is unambiguous that the Ramirez Family Defendants opposed remand, the Ramirez Family Defendants never suggested that the Trustee was not entitled to a jury.  The Court must indulge every reasonable presumption against waiver.  *Jennings v. McCormick,* 154 F.3d 542, 545 (5th Cir. 1998).  Even if *Reid* applies in this Circuit, it does not apply under these facts.

At the March 19, 2009 hearing, counsel to the Ramirezes discussed the jury demand at length.  Contrary to the position taken by the Trustee and the Rodriguezes, the Ramerizes never alleged that the jury demand should not be allowed.  On the contrary, the Ramirezes only alleged that this Court should retain the case through all pretrial matters and then allow any remaining matters to be tried to a jury.

The pleadings filed by the Ramirez Family Defendants contain no challenge to the validity of the jury demand.

The Court will not imply a waiver of a jury trial right merely because a party sought remand.  Such a legal position does not indulge every reasonable presumption against waiver.

**Reliance on Trustee's Demand**

Billie Jo Ramirez (not aligned in this litigation matter with the Ramirez Family Defendants), the Trustee and the Rodriguez parties jointly argue that the Ramirezes may not rely on the Trustee's jury demand because the Trustee did not have a right to a jury trial when he made the demand.

The parties primarily rely on *In re Enron Corp.,* 319 BR. 122 (Bankr. S.D. Tex. 2004) for the proposition that a trustee, when asserting an avoidance claim, may not demand a jury trial.  As an initial matter, the claims in this adversary proceeding are for both avoidance claims and for common law fraud.  As set forth above, the Trustee is not seeking a jury trial on the avoidance claim.  Accordingly, *Enron* is inapposite.

Perhaps more importantly, this argument fails on a more fundamental level. FED. R. CIV. P. 38(d) provides that a "proper demand may be withdrawn only if the parties consent." FED. R. CIV. P. 39(a) requires a stipulation of waiver of the jury trial. Billie Jo Ramirez and the other movants on this issue argue that the Trustee's demand was not a "proper demand" and that Rule 38 does not apply. They cite no authority defining a "proper demand" for the purpose of Rule 38. Rule 39 has no requirement of a "proper demand."

The fundamental principle that must guide this Court with respect to a jury demand is that embodied in the Seventh Amendment to the Constitution of the United States:

> In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, other than according to the rules of the common law.

U.S. CONST. amend. VII.

The Fifth Circuit has repeatedly instructed the lower Courts of this Circuit that it should preserve the right to trial by jury. The language in *Jennings* is instructive:

> The right to jury trial is too important and the usual procedure for its waiver is too clearly set out by the Civil Rules for courts to find a knowing and voluntary relinquishment of the right in a doubtful situation. *Bowles v. Bennett*, 629 F.2d 1092, 1095 (5th Cir.1980), citing and quoting *Heyman v. Kline*, 456 F.2d 123 (2d Cir.1972), *cert. denied*, 409 U.S. 847, 93 S.Ct. 53, 34 L.Ed.2d 88. "[T]he right of jury trial is fundamental, [and] courts [must] indulge every reasonable presumption against waiver." *Id.*, quoting *Aetna Ins. Co. v. Kennedy*, 301 U.S. 389, 393, 57 S.Ct. 809, 812, 81 L.Ed. 1177 (1937). "'Maintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care.'" *Id.*, quoting *Dimick v. Schiedt*, 293 U.S. 474, 486, 55 S.Ct. 296, 301, 79 L.Ed. 603 (1935).

*Jennings v. McCormick,* 154 F.3d 542, 545 (5th Cir. 1998).

Mindful of these important teachings, this Court will not give a narrow reading to Rule 38(d). Indeed, the Court will "indulge every reasonable presumption" against waiver. Inasmuch

as the Court is only considering whether the Trustee's demand for a jury trial is valid with respect to his common law causes of action, there is (at worst) a colorable claim that the Trustee was entitled to a jury trial on that claim.  The Court will not allow a right enshrined in the Constitution to be removed by either happenstance or by close call.  There is no meaningful dispute that the Ramirez Family Defendants were entitled to a jury trial (if timely demanded) with respect to the common law claims against them.  *In re Jensen,* 946 F.2d 369, 371 (5th Cir. 1991) (overruled on other grounds).  The Court declines to abrogate a jury trial right under these circumstances.

No party has cited any authority for how to interpret the term "proper demand."  Billie Jo Ramirez and the Trustee claim that a "proper demand" is a jury demand that is ultimately determined to be an allowed jury demand under applicable law.  Although not directly on point, the Court is guided by the Fifth Circuit's *Johnson* decision.  *Johnson v. Penrod Drilling Co.,* 469 F.2d 897 (5th Cir. 1972).  *Johnson* refers to the protections afforded by FED. R. CIV. P. 38 and its sister provision (Rule 39) as providing a "quasi-constitutional privilege" to rely on the jury demand made by the opposing party.  *Id.* at 903.  In *Johnson,* plaintiff's complaint was amended after plaintiff demanded a jury trial. *Id.* at 899.  The amended complaint clarified that plaintiff's complaints arose solely under admiralty law, for which only the plaintiff could demand a jury trial. *Id.* Since the plaintiff no longer demanded a jury trial, there was no jury-trial entitlement by the plaintiff. *Id.* at 903.  Nevertheless, the Fifth Circuit held that the defendant could rely on the (then ineffective) jury demand to demand their own jury trial.  *Id.*

This Court recognizes that the *Johnson* demand, when made, was effective.  It was rendered ineffective by the later amendment.  On that issue, the case is distinguishable.  However, it appears that the Trustee's common law fraud claim against third party members of

the Ramirez family remains viable.  It is, at a minimum, colorably viable.  It was timely filed.  It was filed in the proper location and in the proper form.  Accordingly, this Court holds that a colorable jury demand, timely filed in the proper location and in the proper form is a "proper demand" on which an opposing party may rely under FED. R. CIV P. 38.  Any other holding would deprive the Ramirezes of their Constitutionally protected right to a jury trial on the common law fraud issue.

### Conclusion

The complaint is bifurcated.  This Court will try all issues, other than the common law fraud issues.  At the conclusion of that trial, the Court will then determine whether a further trial is required on the common law fraud issues.  If a further trial is required, it will be to a jury.  The Court defers whether the jury will be in a state or federal forum.

SIGNED **March 16, 2010.**

_____
Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE