

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

**ENTERED**
**06/28/2010**

| | | |
|---|---|---|
| **IN RE:** | § | |
| **ANITA C RAMIREZ,** | § | **Case No. 09-70051** |
| Debtor(s). | § | |
| | § | **Chapter 7** |
| | § | |
| **ANITA RAMIREZ,** | § | |
| Plaintiff(s) | § | |
| | § | |
| **VS.** | § | **Adversary No. 09-07004** |
| | § | |
| **JOSE ALBERTO RODRIGUEZ,** *et al*, | § | |
| Defendant(s). | § | **Judge Isgur** |

<u>**MEMORANDUM OPINION DENYING DEFENDANTS'**</u>
<u>**MOTION FOR RECONSIDERATION**</u>

On April 21, 2010, Defendants Billie Jo Ramirez, Leonardo Ramirez, Jr., and Gulf Coast Federal Credit Union filed a motion to reconsider the Court's December 28, 2009 order on cross motions for partial summary judgment. For reasons set forth below, the motion to reconsider is denied.

**Jurisdiction and Venue**

This Court has jurisdiction of this proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper under 28 U.S.C. § 1409.

**Background**

On October 22, 2006, Leonardo Ramirez shot and seriously wounded Roberto Rodriguez. Rodriguez is now a quadriplegic. Leonardo Ramirez confessed and was convicted of the crime. After a trial in state court, a judgment of more than $19 million was entered in favor of Rodriguez and his family. The judgment entered was against both Leonardo Ramirez and his wife Anita Ramirez.

1 / 9

Shortly after entry of the judgment, the Ramirez defendants transferred large sums of cash and multiple tracts of real estate to other family members. This lawsuit was commenced in state court to avoid the transfers of cash and real estate under the Texas Uniform Fraudulent Transfer Act.

The Rodriguez plaintiffs filed their motion for partial summary judgment on November 4, 2008. The Ramirez defendants filed their motion for partial summary judgment on November 7, 2008. Each side timely responded in opposition to the cross motions.

On January 14, 2009, the state court entered the following entry on its docket sheet: "Ruling: Plaintiffs' MPSJ granted; Defendants' MPSJ denied." No order was entered. On February 13, 2009, the lawsuit was removed to this Court. Rather than delving into whether the state court docket entry constituted an effective order following removal, the Court, *sua sponte*, considered whether partial summary judgment for either party was appropriate.

The Court found that there are material factual disputes that should be resolved at trial. Accordingly, with a single exception of the La Joya Federal Credit Union transfers, which the Court found were fraudulent, the Court denied the cross motions for partial summary judgment. To the extent that the denial was inconsistent with events in the state court, the state court order was vacated.

After the Court's partial summary judgment order, Plaintiffs filed an amended petition on January 11, 2010 to include Billie Jo Ramirez and Gulf Coast Federal Credit Union as defendants.

On April 21, 2010, Defendants Billie Jo Ramirez, Leonardo Ramirez, Jr., and Gulf Coast Federal Credit Union ("Defendants") filed a motion to reconsider the Court's partial summary judgment regarding the La Joya transfers.

**Motion to Reconsider**

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *See Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004); *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). If a motion for reconsideration is filed within 14 days of the judgment or order of which the party complains, it is considered to be a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion.[1] *Shepherd*, 372 F.3d at 328 n.1. However, a Federal Court may review, modify, or rescind an interlocutory partial summary judgment order at any time before final decree. *See Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990) ("[B]ecause the denial of a motion for summary judgment is an interlocutory order, the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law."), *abrogated en banc on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994); *Zimzores v. Veterans Admin.*, 778 F.2d 264, 266 (5th Cir. 1985) (holding that the court could modify or rescind interlocutory partial summary judgments at any time before final decree); *see also* FED. R. CIV. P. 54(b).

Generally, motions to reconsider are analyzed under Rule 59(e) of the Federal Rules of Civil Procedure.[2] *McDonald v. Entergy Operations, Inc.*, 2005 WL 1528611, at *1 (S.D. Miss.

---

[1] Federal Rule of Bankruptcy Procedure 9024 incorporates Rule 60 of the Federal Rules of Civil Procedure. *See* FED. R. BANKR. P. 9024; FED. R. CIV. P. 60.

[2] Rule 59(e) is technically not applicable to an interlocutory motion for reconsideration. *See* FED. R. CIV. P. 54; FED. R. CIV. P. 59(e). However, multiple courts within the Fifth Circuit have applied the Rule 59(e) legal standards to motions to reconsider interlocutory orders. *See Morgan v. Mississippi*, 2009 WL 1809417, at *2 n.1 (S.D. Miss. June 23, 2009) (holding that the Court will apply the Rule 59(e) legal standards to motions to reconsider interlocutory orders and also noting that many other courts in the Fifth Circuit did so as well); *Goldman v. Hartford Life & Accident Ins. Co.*, 2006 WL 861016, at *1 (E.D. La. Mar. 30, 2006); *Martinez v. Bohls Equip. Co.*, 2005 WL 1712241, at *1 (W.D. Tex. July 18, 2005); *W.C. Bulley v. Fid. Fin. Servs. of Miss., Inc.*, 2000 WL 1349184, at *2 (S.D. Miss. Sept. 8, 2000).

May 31, 2005). Federal Rule of Bankruptcy Procedure 9023 incorporates Rule 59 in adversary proceedings. FED. R. BANKR. P. 9023. However, rather than the 28 days allowed for filing a motion to alter or amend a judgment under Rule 59(e), Rule 9023 limits this filing deadline to 14 days after the entry of judgment. *Id.* Although motions for reconsideration generally will not be considered when filed more than 14 days after the judgment at issue is entered, this deadline does not apply to the reconsideration of interlocutory orders. *See Standard Quimica De Venezuela v. Cent. Hispano Int'l, Inc.*, 189 F.R.D. 202, 205 (D.P.R. 1999).

Motions to reconsider interlocutory orders are left to the Court's discretion as long as they are not filed unreasonably late. *Id.* (citing *McDowell Oil Serv., Inc. v. Interstate Fire and Cas. Co.*, 817 F. Supp. 538, 543 (M.D. Pa. 1993)). However, "Defendant's delaying tactics to avoid trial should not be encouraged." *Martinez v. Bohls Equip. Co.*, 2005 WL 1712214, at *1 (W.D. Tex. July 18, 2005). In *Martinez*, Defendant had been on notice for more than four months as to the genuine issues of material fact that the Court found remained in the case, but filed the motion for reconsideration only a month before the case was set to go forward for trial. *Id.* The Court did not want to encourage such delay tactics and thus held that the motion was filed "unreasonably late." *Id.* In this case, though Defendants filed their motion for reconsideration nearly four months after the Court's partial summary judgment, trial is not set to move forward until early August. This motion is similarly delayed, but here, reconsideration of the motion for summary judgment likely will not delay the trial date. Thus, Defendants have timely filed their interlocutory motion to reconsider the partial summary judgment order.

This Court has "considerable discretion" in deciding whether to grant a motion for reconsideration. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). However, the Fifth Circuit has cautioned that granting a motion for reconsideration under Rule

59(e) "is an extraordinary remedy and should be used sparingly." *In re Pequeno*, 240 F. App'x 634, 636 (5th Cir. 2007). "[S[uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004), *cert. denied*, 543 U.S. 976 (2004). *See also McDonald*, 2005 WL 1528611, at *1 (A motion for reconsideration is not "intended to give an unhappy litigant one additional chance to sway the judge") (citations omitted).

In order to prevail on a motion for reconsideration under Rule 59(e), a movant must (1) clearly establish a manifest error of law or fact, (2) present newly discovered evidence, or (3) demonstrate that there has been an intervening change in the controlling law. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (internal quotation marks and citation omitted); *Schiller v. Physicians Res. Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). In this case, Defendants seek reconsideration on two theories.  First, Defendants claim that they have newly discovered evidence.   Second, Defendants claim that reconsideration is proper because two newly added Defendants are prejudiced by the Court's summary judgment ruling. As set forth below, Defendants fail to persuade the Court under either theory.[3]

### Allegedly Newly Discovered Evidence

Defendants' motion for reconsideration claims, in part, that the funds in the La Joya accounts were not the property of Leonardo and Anita Ramirez, but were trust funds. The motion claims that new evidence has surfaced, in the form of two affidavits, which purportedly support Defendants' contention.

---

[3] Defendants do not argue that there has been a manifest error of law or fact, or that there has been an intervening change in controlling law.  Accordingly, the Court need not consider whether reconsideration is appropriate under either of those points.

The Affidavit of Maria Luisa Lopez, president of La Joya Area Federal Credit Union, states that the lack of a trust designation on an account at La Joya does not mean that the account is not held in trust. (Defs.' Mot. Recons. 4; *see also* Lopez Aff. Ex. A at 1). The Affidavit of Leonardo Ramirez, Jr. states that the money in the La Joya accounts was held by Anita Ramirez in trust for Leonardo Ramirez, Jr. (Defs.' Mot. Recons. 4; *see also* Ramirez, Jr. Aff. Ex. B at 1). Defendants argue that the summary judgment order is improper because these affidavits create "a genuine issue of material fact with regard to whether the funds on deposit in the La Joya accounts were trust funds." (Defs.' Mot. Recons. 4–5).

Neither of the Defendants' affidavits constitutes newly discovered evidence. To "constitute 'newly discovered evidence,' the evidence must have been previously unavailable." *GenCorp, Inc. v. American Intern. Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted); *see also Templet*, 367 F.3d at 478–79 (holding that a motion for reconsideration under Rule 59(e) is not the proper vehicle for rehashing evidence that could have been offered or raised before the entry of judgment). As set forth below, the evidence contained in the affidavits has been available for quite some time, and was far from previously unavailable.

The Lopez affidavit merely restates the bank's standard policy and procedure on trust fund designations and is not newly discovered evidence. Moreover, Leonardo Ramirez, Jr.'s counsel has previously informed the Court that he was aware of La Joya's trust practices. The bank's policies and procedures were available before the partial summary judgment order was issued. Yet, Defendants did not offer the evidence at that time.

Similarly, the Ramirez affidavit is also not newly discovered evidence. Leonardo Ramirez, Jr. claims that when he began signing checks to his mother, Anita Ramirez, during the 1970s and 1980s, they understood that Anita Ramirez would be holding the money in trust for

him. (Defs.' Mot. Recons. 4; *see also* Ramirez, Jr. Aff. Ex. B at 1). If this "understanding" was indeed consummated more than 30 years ago, it would certainly have been available for presentation before the December 28, 2009 partial summary judgment order. However, Defendants did not offer this evidence at that time. Instead, they present it as new evidence nearly four months after the partial summary judgment order was issued. Moreover, Leonardo Ramirez, Jr. was asked for documentation during discovery in order to substantiate his claims of newly discovered evidence, and he provided none. (Pls.' Resp. Defs.' Mot. Recons. 2).

Thus, neither of the affidavits qualifies as newly discovered evidence. They do not justify reconsideration under the Rule 59(e) standard.

### Prejudice

Defendants allege that, by including Billie Jo Ramirez and Gulf Coast Federal Credit Union as defendants in their post summary judgment petition amendments, Plaintiffs are attempting to hold them "liable for the La Joya transfers summary judgment despite that fact that neither… were afforded an opportunity to be heard on that matter." (Defs.' Mot. Recons. 3–4).

Defendants further allege that even if the summary judgment was not directly enforceable against Billie Jo Ramirez and Gulf Coast, "they are still directly prejudiced by it because the transfers with which Billie and Gulf Coast were involved would not be an issue *unless* the transfers to Leo, Jr. are found to be fraudulent." (Defs.' Mot. Recons. 4) (emphasis in the original).

Plaintiffs concede that they included Billie Jo Ramirez and Gulf Coast in the amended petition and that they were not afforded an opportunity to respond to the Motion for Summary Judgment. (Pls.' Resp. Defs.' Mot. Recons. 2). However, Plaintiffs make clear that "Billie Joe [sic] Ramirez and Gulf Coast Federal Credit Union are not alleged to be responsible" for the La

Joya transfers, and that the summary judgment was not against them. *Id.* Instead, Plaintiffs amended the petition to include Billie Jo Ramirez and Gulf Coast due to their alleged liability for aiding and abetting Leonardo Ramirez, Jr. in concealing the La Joya funds, after the fraudulent transfer, in order to defraud the Plaintiff-Creditors. *Id.*

In order for Billie Jo Ramirez and Gulf Coast to be liable for aiding and abetting Leonardo Ramirez, Jr., it is possible that the La Joya transfers must be found fraudulent as applied to new defendants Billie Jo Ramirez and Gulf Coast. That legal question is reserved for trial.

Although the Court found in the partial summary judgment that the La Joya transfers were fraudulent, that judgment is binding only on the parties who were involved at that stage of the litigation. Since Billie Jo Ramirez and Gulf Coast were not defendants when the partial summary judgment was issued, they did not have the opportunity to defend against the finding that the transfers were fraudulent. *See Blonder-Tongue Lab., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 329 (1971) ("Some litigants—those who never appeared in a prior action—may not be collaterally estopped without litigating the issue. They have never had a chance to present their evidence and arguments on the claim. Due process prohibits estopping them despite one or more existing adjudications of the identical issue which stand squarely against their position.")

Despite the partial summary judgment, Billie Jo Ramirez and Gulf Coast will not be estopped and will have the opportunity at trial to relitigate the question of whether the La Joya transfers were, in fact, fraudulent (if that is an element of the cause of action against them). Billie Jo Ramirez and Gulf Coast therefore are not prejudiced by the partial summary judgment.

## Conclusion

For the reasons set forth above, Defendants' motion for reconsideration is denied. A separate order will be issued.

SIGNED **June 24, 2010.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE