

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| ANITA C RAMIREZ, § | Case No. 09-70051 | |
|     Debtor(s). § | | |
| § | Chapter 7 | |
| § | | |
| JOSE ALBERTO RODRIGUEZ, *et al*, § | | |
|     Plaintiff(s) § | | |
| § | | |
| VS. § | Adversary No. 09-7004 | |
| § | | |
| ANITA RAMIREZ, *et al*, § | | |
|     Defendant(s). § | Judge Isgur | |

## MEMORANDUM OPINION

In accordance with the District Court's judgment, the Bankruptcy Court awards $901,005.00 in exemplary damages against Anita and Leonardo Ramirez ("Ramirezes"), $901,005.00 in exemplary damages against Anita Garza, and $450,502.50 in exemplary damages against Feliberto Ramirez.

### Background

This case was tried from October 26, 2010 through October 28, 2010. The Court issued a Memorandum Opinion and Judgment on January 5, 2011, finding that Anita Ramirez, Leonardo Ramirez, Anita Garza, and Feliberto Ramirez had fraudulently transferred a tract of real property ("Noncontiguous Tract") and $450,502.50 in cash. ECF Nos. 263 & 264. The Court vested title in the Noncontiguous Tract with Anita and Leonardo Ramirez's chapter 7 Trustee,[1] held that Anita Garza and Feliberto Ramirez were jointly and severally liable for the $450,502.50 in transferred cash, and held that all Defendants were jointly and severally liable for $251,137.93 in legal fees. The Court also awarded exemplary damages in the amount of $2.2 million against

---

[1] The Court found that no evidence established the value of the Noncontiguous Tract. ECF No. 263, at 16.

Anita and Leonardo Ramirez and against Anita Garza. The Court awarded $1.1 million in exemplary damages against Feliberto Ramirez. The Court issued an amended judgment clarifying its ruling on January 24, 2011. ECF No. 277.

The Defendants appealed to the District Court. *See* ECF No. 294. On September 28, 2011, the District Court affirmed the decision as to all issues except the exemplary damages amounts. ECF No. 306, at 2-3. The District Court remanded the exemplary damages issue to the Bankruptcy Court for a redetermination in accordance with applicable law, including Tex. Civ. Prac. & Rem. Code §§ 41.006 and 41.008.

## Analysis

The Court revises its exemplary damages award in two respects: (i) Defendants are severally liable, not jointly and severally liable; and (ii) the amount of the award against each Defendant does not exceed the statutory maximum.

Several liability is required by Tex. Civ. Prac. & Rem. Code § 41.006. Section 41.006 states: "In any action in which there are two or more defendants, an award of exemplary damages must be specific as to a defendant, and each defendant is liable only for the amount of the award made against that defendant." The Court's judgment made the Defendants jointly and severally liable for the exemplary damages. The District Court directed this Court to determine exemplary damages in accordance with § 41.006, and the Court holds that the Defendants are instead severally liable for the damages awarded against each Defendant.

The amount of exemplary damages is capped by Tex. Civ. Prac. & Rem. Code § 41.008. Section 41.008 states, in part:

> (a) In an action in which a claimant seeks recovery of damages, the trier of fact shall determine the amount of economic damages separately from the amount of other compensatory damages.

> (b) Exemplary damages awarded against a defendant may not exceed an amount the greater of:
>
>> (1) (A) two times the amount of economic damages; plus
>> (B) an amount equal to any noneconomic damages found by the jury, not to exceed $750,000; or
>
>> (2) $200,000.

In this case, the amount of economic damages is $450,502.50 (the transferred cash) plus the value of the Noncontiguous Tract. *See* Tex. Civ. Prac. & Rem. § 41.001 (defining "economic damages" as "compensatory damages intended to compensate a claimant for actual economic or pecuniary loss; the term does not include exemplary damages or noneconomic damages"); *Shook v. Walden*, 304 S.W.3d 910, 921 (Tex. App.—Austin 2010, no pet.) (holding that "economic damages" do not include legal fees).

Because the Plaintiffs presented no evidence at trial of the value of the Noncontiguous Tract, the Court does not include that amount in its calculation of the maximum exemplary damages. There are no noneconomic damages in this case, and so exemplary damages are limited to twice the amount of economic damages. The Court may award up to $901,005.00 in exemplary damages against each defendant. Tex. Civ. Prac. & Rem. Code § 41.008 *See Wackenhut Corrections Corp. v. de la Rosa*, 305 S.W.3d 594, 651 (Tex. App.—Corpus Christi 2009, no pet.) (applying statutory cap and awarding $751,103—an amount consisting of $1,103 in economic damages plus the maximum of $750,000 in noneconomic damages—"against *each* defendant") (emphasis original).

The Court's January 5, 2011 Memorandum Opinion extensively discussed the facts supporting the exemplary damages award. ECF No. 263, at 22-26. Before this proceeding was filed, Roberto, Patricia, Jose, and Maria Rodriguez had been awarded $19.7 million in state court

because of Leonardo Ramirez's intentional shooting of Roberto Rodriguez.  After the shooting, the Ramirezes transferred cash and real estate to their children.

The Court found that the Ramirezes, Anita Garza, and Feliberto Ramirez conspired to transfer the cash and real estate with objective substantial certainty that depriving the Rodriguezes of payment of the state-court judgment would result in serious harm to the Rodriguez family.  The Rodriguez family suffered acutely because of the transfers.  Because they were not paid on the state-court judgment, the family could not afford to take care of Roberto Rodriguez at home.  At the time of trial, he lived in a nursing home and saw his family infrequently.  The Rodriguezes were unable to pay for physical therapy and other treatments that would have alleviated Roberto Rodriguez's physical pain.  Each member of the family testified that they had suffered emotionally as a result of their separation.

The Rodriguezes also lost their home.  Although the Rodriguezes had previously paid off the mortgage on their home, after the shooting, they were forced to take out a loan to pay their property taxes.  When they were unable to repay the property tax lender, the lender foreclosed on the Rodriguezes' home.

The Court found that the Ramirezes, Anita Garza, and Feliberto Ramirez knew or should have known that their failure to pay the Rodriguezes would lead to these consequences.  Although the Court found that all the Defendants were culpable, the Court found that Feliberto Ramirez's truthful testimony before the Court demonstrated that his malice in participating was less than that of his family members.

As to the Ramirezes and Anita Garza, the statutory maximum of exemplary damages is warranted by their egregious conduct.  Based on the factual findings in the Court's January 5, 2011 Memorandum Opinion, the Court awards $901,005.00 in exemplary damages against Anita

Ramirez, $901,005.00 in exemplary damages against Leonardo Ramirez, and $901,005.00 in exemplary damages against Anita Garza. Each Defendant is severally liable only for the damages awarded against that Defendant. Based on Feliberto's lesser culpability, as discussed in the Memorandum Opinion, the Court awards $450,502.50 in exemplary damages against Feliberto Ramirez, for which he is severally liable.

One additional issue deserves clarification. This Court did not issue a judgment for additional economic damages against the Ramirezes for the transfer of the $450,502.50. The reason is that the state court had already issued its $19.7 million damages award and an award of the $450,502.50 would have double-counted the amount to which the Plaintiffs were entitled. However, the economic damages are real. Therefore, the Court holds that the Ramirezes are liable for exemplary damages, even though the $450,502.50 in economic damages were not included in the judgment against the Ramirezes. Because the Ramirezes conspired with Anita Garza and Feliberto Ramirez to fraudulently transfer the cash, they are responsible for the economic damages and subject to exemplary damages.

## Conclusion

Anita Ramirez is severally liable for $901,005.00 in exemplary damages, Leonardo Ramirez is severally liable for $901,005.00 in exemplary damages, Anita Garza is severally liable for $901,005.00 in exemplary damages, and Feliberto Ramirez is severally liable for $450,502.50 in exemplary damages.

SIGNED **November 9, 2011.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE